**SEND**

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-7020 PA (PLAx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | EEOC v. SSA Marine, Inc. | | |

**Present: The Honorable** PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Bridget Montero | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Victor Miramontes  James McMullen

**Proceedings:** Motion to Enforce the Court's Order and Motion for Sanctions

Before the Court is a Motion to Enforce the Court's Order and Motion for Sanctions filed by plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") (Docket No. 80).

The EEOC commenced this action in 2003 alleging that defendant SSA Marine, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964 when it failed to hire Rita Gartner as a chassis mechanic. The Court eventually approved a consent decree (the "Consent Decree") negotiated by the parties as part of a settlement of their dispute. Pursuant to the Consent Decree, Defendant agreed to hire Gartner as a probationary employee for a 60-day period. During the probationary period, Gartner could only be terminated "for cause." If Gartner successfully completed the probationary period, she would qualify for union membership and become a permanent employee.

As part of the Consent Decree, Defendant agreed to retain a monitor to ensure that Gartner was provided with an equal employment opportunity. In the event that Defendant attempted to terminate Gartner during the probationary period, the Consent Decree provided for the monitor to "make an independent determination as to whether the proposed termination is for cause and valid." Consent Decree, § VIII(C)(5). If the monitor determined that Defendant terminated Gartner without cause, Gartner would be entitled to retain her job and receive a $50,000 payment from Defendant. Id. at § VIII(C)(8).

On April 10, 2006, the first day of Gartner's probationary period, the monitor met with Gartner, Defendant, and the EEOC. During the probationary period, the monitor communicated with Defendant and Gartner, made visits to the work site, and conducted two meetings with Defendant and the EEOC. During her last visit to the work site, the monitor interviewed a number of Gartner's coworkers and one of her supervisors. On June 29, 2006, just four days before the end of the probationary period, Defendant notified the monitor of its intention to terminate Gartner. After receiving briefs from Defendant and the EEOC, the monitor issued a detailed report on July 10, 2006, in which she concluded that Defendant's termination of Gartner was not for cause and found that Gartner was entitled to her job and the $50,000 penalty payment.

Defendant then requested that the monitor reconsider her determination but the monitor concluded that the Consent Decree did not provide her with the authority to act upon Defendant's request for reconsideration. Defendant then filed a motion in this Court on August 3, 2006, seeking to

90

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03-7020 PA (PLAx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | EEOC v. SSA Marine, Inc. | | |

vacate the monitor's award. The parties stipulated to continue the hearing on the motion to vacate from August 24, 2006 to October 2, 2006. As late as October 16, 2006, Defendant sought permission to conduct an evidentiary hearing on the motion to vacate. The Court took the motion to vacate under submission and, on November 3, 2006, issued an order denying Defendant's motion. In ruling on Defendant's motion, the Court held that it lacked jurisdiction to consider the Defendant's motion to vacate because it was brought after the time period within which the Consent Decree allowed Defendant to petition the Court to review a decision made by the monitor. The Court alternatively held that even if the Court had jurisdiction to review the monitor's decision, it would decline to do so because the monitor's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A).

Now, some nine months later, the EEOC has brought its Motion to Enforce the Court's Order and Motion for Sanctions because Defendant continues to refuse to pay the $50,000 penalty payment to Rita Gartner. Specifically, the EEOC contends that Defendant's refusal to pay the penalty payment violates the Court's November 3, 2006 order denying the motion to vacate. The EEOC also seeks an additional $50,000 penalty on top of the $50,000 awarded by the monitor to punish Defendant for its refusal to pay the original penalty plus the EEOC's costs and attorneys' fees in bringing this motion.

Defendant argues that the Court has no jurisdiction to consider the EEOC's present motion because the consent decree expired on November 2, 2006. As a result, according to Defendant, "the consent decree is null and void and the Court is without jurisdiction over the consent decree." Defendant further argues that because the Court's November 3, 2006 order merely denied Defendant's motion to vacate, that order did not require Defendant to take any affirmative action. According to Defendant, Defendant could not violate the November 3, 2006 order and there is nothing about that order which the Court can now "enforce."

The Court has little doubt that there are several ways the EEOC could seek this Court's assistance in ordering Defendant to pay the $50,000 penalty awarded by the monitor despite the expiration of the Consent Decree.[1] The present motion, however, is not one of them. As erroneous and frivolous as Defendant's jurisdictional argument may be, Defendant correctly points out that the Court's November 3, 2006 order denying the motion to vacate did not expressly require Defendant to do anything.[2] There is therefore nothing about that order which the Court can enforce.

---

[1] For instance, it may be possible for the EEOC to move to enforce the monitor's award or institute a new action alleging a breach of the Consent Decree. See Consent Decree, § III(B) ("This consent Decree shall not be construed to preclude the Commission or SSA Marine from bringing suit to enforce this Consent Decree in the event that any party hereto fails to perform the promises and representations contained herein."). Defendant's failure to make the payment may also be a breach of the Letter of Understanding it entered with Rita Gartner.

[2] Because the Court concludes that the EEOC has sought to enforce the wrong order, the Court need not, nor does it, make any final determination concerning Defendant's jurisdictional arguments.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03-7020 PA (PLAx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | EEOC v. SSA Marine, Inc. | | |

    While Defendant's continued refusal to pay the $50,000 penalty may well be indefensible, the EEOC's present motion is not the procedurally proper vehicle to obtain the relief it seeks. The Court therefore denies the EEOC's motion without prejudice to any future efforts the EEOC or Rita Gartner may initiate to enforce the terms of the Consent Decree, the monitor's award, or the Letter of Understanding between Defendant and Rita Gartner.

    IT IS SO ORDERED.